34   55
57  393

THE NEW YORK AND GREENWOOD LAKE RAILROAD COMPANY

*v.*

THE HEIRS OF HENRY STANLEY, deceased.

In 1870, the defendants, in consideration that the Montclair Railroad Company would construct a depot on the premises, and stop a specified number of

daily trains there for ten years, and build the fences along the track, agreed in writing to convey to the company the lands necessary for their track and depot. The company took possession at once, and built their track but nothing more. In 1875, under the foreclosure of a mortgage, all of the Montclair company's property was sold, and a new company organized. In 1878, under a foreclosure against the latter company, all of their property was sold, and another company, the complainants, formed. After the complainants had been incorporated, the defendants began an ejectment at law to recover their lands, and this action was enjoined by complainants and relief in equity sought. The defendants answered, protesting against the specific performance of their contract, and expressing willingness to convey the premises to complainants, on receiving compensation therefor and damages assessed as of the date when the Montclair company took possession.—*Held,* that they were equitably entitled to have their compensation and damages so estimated.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. R. Wayne Parker,* for complainants.

*Mr. Stacy G. Potts,* for defendants.

THE CHANCELLOR.

On the 22d of February, 1870, the following agreement was entered into by and between the Montclair Railway Company, then a corporation of this state, and the heirs of Henry Stanley, deceased :

"In consideration of the sum of one dollar to us in hand paid by the Montclair Railway Company, and in further consideration of the benefit to us of the location of a railway depot thereon, we [the heirs of Stanley] covenant and agree that we will grant, convey and release to said company, by a good and sufficient warranty deed, upon being paid therefor the sum of one dollar, and for the foregoing consideration, all that tract or parcel of land situated in the township of Little Falls, and county of Passaic, and state of New Jersey, bounded northeast by lands of Edward Francisco, southwest by lands of Joseph S. Bowden, northwest and southeast by lines parallel to and distant fifty feet at right angles from the located centre line of the railway of said company, containing two and one-half acres of land; also an additional width of fifty feet on each side of said land extending northwestwardly to lands of Edward Francisco and lands of John H. and Cornelius N. Stanley, from a highway to be laid out across our lands and land of said Francisco from the Peck-

man river to the Bridge road; said company to make a lawful fence on each side of said land and maintain the same. Said deed to be upon the condition that the said company shall establish a depot within two hundred feet from said highway to be opened by us, as soon as said railway shall be in operation to the Hudson river, or to any railway connecting with the Hudson river, and shall maintain the same for ten years thereafter.

" And upon the further conditions that said railway shall be begun within two months from this date, and completed so as to be in operation within two years thereafter; all wood and timber on said lands to be cut and reserved by us, and said company shall stop not less than four passenger trains daily each way, except Sundays, at said depot, provided that so many are run over said railway for way passengers ; and we further agree that said company may enter upon our said lands, and commence the work of construction before the formal conveyance may be executed, they doing no unnecessary damage; and it is further agreed that if the above conditions are not complied with by the said railway company, that this agreement holds said company to all damages if not complied with as above specified."

Under the agreement the company at once entered into possession of the right of way over the strip of one hundred feet, and constructed its railroad upon it; and it and the corporations which have succeeded to its franchises and property have ever since had it in possession, and have made use of it as part of their railroad. None of them has performed any of the conditions of the agreement, except, perhaps, that which required that the construction of the road be begun within two months from the date of the agreement.

In November, 1873, a foreclosure of a mortgage given by the Montclair Railway Company in 1870, on its property and franchises, was commenced in this court, and the mortgaged premises were sold under it September 25th, 1875. The association of the purchasers was incorporated on the 2d of October, 1875, as the Montclair and Greenwood Lake Railway Company. Under a foreclosure of a mortgage given by that company, the franchises and property were again sold in October, 1878, and the purchasers were incorporated by the name of the New York and Greenwood Lake Railroad Company. That company is the complainant in this suit. The heirs of Stanley, subsequently to the last-mentioned incorporation, began an action of ejectment in the supreme court to recover possession of the property, and the complainant thereupon filed this bill, praying an injunction

to restrain them from prosecuting that suit, and that they may be decreed to convey to the complainant the land required for the railroad; the complainant tendering itself willing to carry out the contract in all respects as it may be settled by this court; or if it be decided that it is not entitled to the contract, and that there has been a forfeiture thereof, on its part, from which this court cannot relieve it, then that it may be decreed that the defendants convey on being paid such sum as this court shall decide that they are entitled to, for the value of the right of way, and the use thereof by the complainant since it took possession. The defendants have answered. They allege that the conditions mentioned in the agreement have not been performed, and protest against a decree for specific performance, but declare their willingness to convey on receiving compensation for their land and damages assessed as of the date when the Montclair Railway Company went into possession, with interest from that time.

The question between the parties is, whether the estimate of the value of the land and the assessment of damages should be made as of the time when the Montclair Railway Company took possession, or the time when the complainant entered into possession. There has never been any conveyance of the land to any of the companies, and none of them has ever had any legal title to it. They have all had possession, as the complainant now has, but they have all held it subject to the right of the heirs to their damages. Not only was the right to a conveyance expressly subject, by the agreement, to and dependent on the performance of the conditions, but the company thereby expressly agreed that it would pay the heirs their damages in case it should not perform the conditions. There is no allegation that there has been a waiver on the part of the defendants, nor is it claimed that they are estopped by their conduct; and there is no ground for a claim of either waiver or estoppel. The circumstances would not warrant a decree of specific performance, and such a decree would be undesirable to the complainant, as well as unjust to the defendants. The defendants plainly would have a legal right to recover the possession of their land against the Montclair

New York &c., R. R. v. Stanley.

Railway Company, and the complainant has no right superior to those which that company would have.

Whatever right in the premises the Montclair Railway Company and its immediate successor had, passed to their mortgagees, but those mortgagees obtained no right beyond that which the first-named company had. The judicial sales under the foreclosures conferred no title to the defendants' land, and the purchasers took possession of that land subject to the rights of the defendants. The defendants, then, stand before the court with all their legal rights, and its aid is invoked to compel them to desist from the assertion of those rights on according to them their full equitable rights instead thereof. The fact that the public have an interest in the maintenance of the railroad, will not affect the question as to what are those equitable rights. The public are not to be benefited or accommodated at the expense of the defendants. Their land cannot be taken without their consent for public use, without just compensation. If, then, the complainant occupies no better position than that which the party in whose place it stands would have occupied, it is plain that equity demands that the value of the land in question, and the damages to the rest of the defendant's property by reason of the taking of the land, must be estimated as of the time when the Montclair Railway Company entered into possession. The complainant has a right to equitable protection against the assertion of the defendant's legal right, to the same extent and on the same terms that the Montclair Railway Company would have been entitled to it, but to no greater extent, and on no better terms. The complainant must, in addition to the value of the land and the damages caused by the taking of it, pay also for making and maintaining the fence which, under the agreement, the Montclair Railway Company was bound to make and maintain, and which was subsequently made by the defendants at the request of that company, and on its promise to pay them for it; and it must pay the costs at law, and of this suit.